Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*Spin Master Ltd. and Spin Master, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER, INC.,<br><br>*Plaintiffs*<br><br>v.<br><br>18699055609@163.COM, 2016WANGYU, 714669968@QQ.COM, AJIN STORE, ALINANA_HH, AM0JEWEL5, BAGS FASHION INTERNATIONAL, BEINGYOUNG0, BIUBIUAA, BOOM BOOM BOLYNN, BRAVODAYS1, BUY EVERYTHING, CHAILI, CHENFANGXIAN, CHENFEIHONG, CHINAFASHIONSTYLE, CLJLGF29789, DAILY LIFE FACTORY, DENGFENGLAI, DKLLR, DSGBSRTJNATRJG, ELECTRONIC ACCESSORIES INTERNATIONAL, FIDGETTECH, FRENCH DR.SUN INTERNATIONAL COSMETICS CO.,LIMITED, FUZETONG6562, GARDENLIVERY, GBNIFNVJRF, GREYHRE, GUORONGPENG, HAREM, HEALTHY DAILY LIFE, HENGHENGZHE, HESHUTINGYO, HOME WALL CRAFT, HOPEINTHEBOX, HUBOHUBOBO, HUZHONG11SHOP, INFINITEDD, | **19-cv-6950 (VM)**<br><br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

JIMIHUA, JINGSHANZHANG, JINYUN FLYNESS E-COMMERCE COMPANY, JLING, JUMAN, LEIYISHEN, LGCYOUTH31, LIDAWOW, LILICHENGFASHIONSTORE, LINGXIANG, LONHD33, LOVE-HOME99, LSLR, LULU GLOBAL, MILLFFY OFFICIAL STORE, MLASHOP, NAINAIGEXONG9800, NATURAL BEAUTY VIRGIN HAIR, OSHIDE TECHNOLOGY AND TRADE LIMITED, PING0721, QIANERXIAODIAN, QUEENNING, RAOTUMIN, RICHARDHUAN3456, RL TRADING COMPANY, SFDCVD123, SHAMAOMAO, SHENZHENSHIYUYUANXIANGKEJIFAZHANYO UXIANGONGSI, SHIQIFENG2017, SJHZ, STARSUN, SUPERMAOJ, SUZANNE1, SZL, TAIN85, THUNDER, TOO STORE, TOP_BEYOND, USFASHION, WANG123, WANYYT, WANYYT, WBZD, WEIHJTE, WEN WEN BAG SHOP, WS TUHAO, WUIXAOXIN, XIAOMIGUOBA, XUBAILUN2017, XUSHAOWEI, YANGZHOU PERNYCESS GARMENT INDUSTRY CO., LTD., ZHANGCHENGYUAN, ZHUANGDIAN TEXTILE CO. LTD. and ZXIAOHUA,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|------|------------|---------------------|
| **Plaintiffs or Spin Master** | Spin Master Ltd. and Spin Master, Inc. | N/A |
| **Defendants** | 18699055609@163.com, 2016wangyu, 714669968@qq.com, ajin store, Alinana_hh, am0jewel5, Bags Fashion International, BeingYoung0, biubiuAA, boom boom bolynn, Bravodays1, buy everything, chaili, chenfangxian, chenfeihong, ChinaFashionStyle, cljlgf29789, Daily Life Factory, Dengfenglai, DKLLR, Dsgbsrtjnatrjg, Electronic Accessories International, fidgetTech, FRENCH DR.SUN INTERNATIONAL COSMETICS CO.,LIMITED, fuzetong6562, gardenlivery, gbnifnvjrf, greyhre, guorongpeng, harem, Healthy Daily Life, henghengzhe, Heshutingyo, home wall craft, Hopeinthebox, hubohubobo, huzhong11shop, InfiniteDD, jimihua, jingshanzhang, Jinyun flyness E-commerce company, JLing, Juman, leiyishen, lgcyouth31, Lidawow, LILICHENGFASHIONSTORE, lingxiang, lonhd33, Love-Home99, LSLR, lulu global, Millffy official store, mlashop, nainaigexong9800, Natural Beauty Virgin Hair, Oshide Technology and Trade Limited, ping0721, qianerxiaodian, QueenNing, RaoTuMin, richardhuan3456, RL TRADING COMPANY, sfdcvd123, shamaomao, shenzhenshiyuyuanxiangkejifazhanyouxiangongsi, SHIQIFENG2017, SJHZ, Starsun, Supermaoj, Suzanne1, szl, tain85, Thunder, too store, top_beyond, USFashion, wang123, wanyyt, wanyyt, wbzd, weihjte, Wen Wen bag shop, WS TUHAO, Wuixaoxin, XIAOMIGUOBA, xubailun2017, xushaowei, Yangzhou Pernycess Garment Industry Co., Ltd., zhangchengyuan, Zhuangdian Textile Co. Ltd. and Zxiaohua | N/A |
| **Defaulting Defendants** | 18699055609@163.com, 2016wangyu, 714669968@qq.com, Alinana_hh, am0jewel5, Bags Fashion International, BeingYoung0, biubiuAA, boom boom bolynn, buy everything, chaili, chenfeihong, Daily Life Factory, Dengfenglai, fidgetTech, FRENCH DR.SUN INTERNATIONAL COSMETICS CO.,LIMITED, gbnifnvjrf, greyhre, guorongpeng, harem, Healthy Daily Life, henghengzhe, heshutingyo, home wall craft, Hopeinthebox, hubohubobo, huzhong11shop, InfiniteDD, jimihua, jingshanzhang, Jinyun flyness E-commerce company, JLing, Juman, lgcyouth31, Lidawow, LILICHENGFASHIONSTORE, lingxiang, lonhd33, LSLR, lulu global, Millffy official store, mlashop, | N/A |

i

| | | |
|---|---|---|
| | nainaigexong9800, Natural Beauty Virgin Hair, Oshide Technology and Trade Limited, ping0721, QueenNing, RaoTuMin, RL TRADING COMPANY, sfdcvd123, shamaomao, shenzhenshiyuyuanxiangkejifazhanyouxiangongsi, SHIQIFENG2017, SJHZ, Supermaoj, szl, tain85, too store, top_beyond, USFashion, wang123, wanyyt, wbzd, weihjte, Wen Wen bag shop, WS TUHAO, Wuixaoxin, XIAOMIGUOBA, xubailun2017, xushaowei, Yangzhou Pernycess Garment Industry Co., Ltd., zhangchengyuan and Zxiaohua | |
| Wish | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| Sealing Order | Order to Seal File entered on July 25, 2019 | Dkt. 1 |
| Complaint | Plaintiffs' Complaint filed on July 25, 2019 | Dkt. 34 |
| Application | Plaintiffs' *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on July 25, 2019 | Dkts. 13-19 |
| Harrs Dec. | Declaration of Christopher Harrs in Support of Plaintiffs' Application | Dkt. 16 |
| Arnaiz Dec. | Declaration of Jessica Arnaiz in Support of Plaintiffs' Application | Dkt. 15 |
| Scully Dec. | Declaration of Brieanne Scully in Support of Plaintiffs' Application | Dkt. 17 |
| TRO | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on July 26, 2019 | Dkt. 19 |
| PI Show Cause Hearing | August 8, 2019 hearing to show cause why a preliminary injunction should not issue | N/A |
| PI Order | August 22, 2019 Preliminary Injunction Order | Dkt. 6 |

| | | |
|---|---|---|
| **GUND Marks** | U.S. Trademark Registration Nos. 1,545,472 for "GUND" for goods in Class 28, with a date of first use of 1900; 5,172,584 for for goods in Class 28, with a constructive date of first use of December 21, 2015; 5,061,115 for for goods in Class 28, with a date of first use of January 1, 2016; and 5,534,509 for "FLAPPY THE ELEPHANT" for goods in Class 28, with a date of first use of January, 2016, among others | N/A |
| **GUND Works** | U.S. Copyright Registration Nos. SR 812-771, covering the Flappy the Elephant Sound Recording, which is played by certain GUND Peek-A-Boo Products, VA 2-025-106, covering Animated Flappy the Elephant, PA 2-046-172, covering GUND Flappy Animated Elephant Video, SR 806-511, covering Peek-a-boo Sound Recording, which is played by certain GUND Peek-A-Boo Products, and VA 2-024-940, covering Animated Peek-A-Boo Bear | N/A |
| **GUND Peek-A-Boo Products** | A line of animated, plush toy products marketed under the brand name "GUND", targeted towards infants or small children, which recite phrases, play music and/or play a peek-a-boo game, and are designed to look like various animals, including bears, elephants, and dogs, among others | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the GUND Marks and/or GUND Works, and/or products in packaging and/or containing labels and/or hang tags bearing the GUND Marks and/or GUND Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the GUND Marks and/or GUND Works and/or products that are identical or confusingly or substantially similar to the GUND Peek-A-Boo Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or | N/A |

| | | |
|---|---|---|
| | associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Application for Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on May 29, 2020 | TBD |
| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiffs' Motion for Default Judgment | TBD |
| **Wish Discovery** | The supplemental report identifying Defendants' Infringing Product ID, Merchant ID, Product Lifetime Units Sold and Product Lifetime GMV, among other things, provided by counsel for ContextLogic to Plaintiffs' counsel pursuant to the expedited discovery ordered in both the TRO and PI Order | N/A |

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, copyright infringement and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiffs' GUND Marks and GUND Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiffs on all claims properly plead against Defaulting Defendants in the Complaint;

## II.    Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham and Copyright Acts' prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages award requested in their Motion for Default Judgment, the Court finds such an award

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

to be reasonable and Plaintiffs are awarded statutory damages against each of the Defaulting

Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act or Section 504(c) of

the Copyright Act ("Defaulting Defendants' Individual Damages Award"), plus post-judgment

interest, totaling Three Million Nine Hundred Fifty Thousand U.S. Dollars ($3,950,000.00), as

follows:

| DEFAULTING DEFENDANT | STATUTORY DAMAGES |
|---|---|
| 18699055609@163.com | $50,000.00 |
| 2016wangyu | $50,000.00 |
| 714669968@qq.com | $50,000.00 |
| am0jewel5 | $50,000.00 |
| biubiuAA | $50,000.00 |
| buy everything | $50,000.00 |
| chaili | $50,000.00 |
| Daily Life Factory | $50,000.00 |
| FRENCH DR.SUN INTERNATIONAL COSMETICS CO.,LIMITED | $50,000.00 |
| gbnifnvjrf | $50,000.00 |
| guorongpeng | $50,000.00 |
| henghengzhe | $50,000.00 |

| | |
|---|---|
| heshutingyo | $50,000.00 |
| huzhong11shop | $50,000.00 |
| jimihua | $50,000.00 |
| jingshanzhang | $50,000.00 |
| Jinyun flyness E-commerce company | $50,000.00 |
| JLing | $50,000.00 |
| lgcyouth31 | $50,000.00 |
| Lidawow | $50,000.00 |
| LILICHENGFASHIONSTORE | $50,000.00 |
| mlashop | $50,000.00 |
| RaoTuMin | $50,000.00 |
| sfdcvd123 | $50,000.00 |
| shamaomao | $50,000.00 |
| tain85 | $50,000.00 |
| too store | $50,000.00 |
| top_beyond | $50,000.00 |
| wang123 | $50,000.00 |

| | |
|---|---|
| weihjte | $50,000.00 |
| Wen Wen bag shop | $50,000.00 |
| WS TUHAO | $50,000.00 |
| xubailun2017 | $50,000.00 |
| zhangchengyuan | $50,000.00 |
| BeingYoung0 | $50,000.00 |
| fidgetTech | $50,000.00 |
| home wall craft | $50,000.00 |
| Hopeinthebox | $50,000.00 |
| InfiniteDD | $50,000.00 |
| QueenNing | $50,000.00 |
| supermaoj | $50,000.00 |
| szl | $50,000.00 |
| chenfeihong | $50,000.00 |
| Dengfenglai | $50,000.00 |
| lulu global | $50,000.00 |
| Oshide Technology and Trade Limited | $50,000.00 |

| | |
|---|---|
| ping0721 | $50,000.00 |
| SHIQIFENG2017 | $50,000.00 |
| XIAOMIGUOBA | $50,000.00 |
| lingxiang | $50,000.00 |
| Millffy official store | $50,000.00 |
| nainaigexong9800 | $50,000.00 |
| USFashion | $50,000.00 |
| Natural Beauty Virgin Hair | $50,000.00 |
| wuixaoxin | $50,000.00 |
| hubohubobo | $50,000.00 |
| Juman | $50,000.00 |
| wbzd | $50,000.00 |
| Alinana_hh | $50,000.00 |
| SJHZ | $50,000.00 |
| harem | $50,000.00 |
| boom boom bolynn | $50,000.00 |
| Healthy Daily Life | $50,000.00 |

| | |
|---|---|
| wanyyt | $50,000.00 |
| xushaowei | $50,000.00 |
| RL TRADING COMPANY | $50,000.00 |
| lonhd33 | $50,000.00 |
| greyhre | $75,000.00 |
| Bags Fashion International | $75,000.00 |
| Zxiaohua | $100,000.00 |
| LSLR | $100,000.00 |
| Yangzhou Pernycess Garment Industry Co., Ltd. | $100,000.00 |
| shenzhenshiyuyuanxiangkejifazhanyouxiangongsi | $150,000.00 |

### III.   <u>Permanent Injunction</u>

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its

respective officers, agents, servants, employees, successors and assigns and all persons acting

in concert with or under the direction of Defaulting Defendants (regardless of whether located

in the United States or abroad), who receive actual notice of this Order are permanently

enjoined and restrained from:

    A.  manufacturing, importing, exporting, advertising, marketing, promoting, distributing,

        displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products

        or any other products bearing the GUND Marks and/or marks that are confusingly

        similar to, identical to and constitute a counterfeiting and/or infringement of the GUND

6

Marks and/or incorporating the GUND Works and/or artwork that is substantially similar to, identical to and constitute infringement of the GUND Works;

B. directly or indirectly infringing in any manner any of Plaintiffs' GUND Marks and GUND Works;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' GUND Marks and GUND Works to identify any goods or services not authorized by Plaintiffs;

D. using any of Plaintiffs' GUND Marks and GUND Works, or any other marks or artwork that are confusingly or substantially similar to the GUND Marks and GUND Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiffs;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i.   Defaulting Defendants' User Accounts and/or Merchant Storefronts;

      ii.  Defaulting Defendants' Assets; and

     iii.  the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the GUND Marks and GUND Works, or bear any marks or artwork that are confusingly or substantially similar to the GUND Marks and GUND Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

## IV.   Order Authorizing Continued Alternative Service by Electronic Means

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means that was ordered in the TRO and PI Order, shall be deemed effective as to Defendants, Financial Institutions and Third Party Service Providers through the pendency of this action.

## V.   Temporary Continuance of Asset Restraint

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in

which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of

the CPLR, for a thirty (30) day period after the entry of this Order.

## VI.    Post-Judgment Asset Restraint and Transfer Order Pursuant to Rules 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's Inherent Equitable Powers

1)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64

of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable

powers to issue remedies ancillary to its authority to provide final relief, and given the

difficulties Plaintiffs would have enforcing this Order, Defaulting Defendants' Frozen Assets

from Defaulting Defendants' Frozen Accounts, are, to the extent that a given Defaulting

Defendants' Frozen Assets equal Defaulting Defendants' Individual Damages Award, hereby

released and transferred to Plaintiffs as full satisfaction of Defaulting Defendants' Individual

Damages Awards for that Defaulting Defendant, and those Defaulting Defendants' Frozen

Assets shall be transferred by the Financial Institutions to Plaintiffs through Plaintiffs' counsel

within twenty (20) business days following the service of this Order, and upon receipt by

Plaintiffs' counsel of such Defaulting Defendants' Frozen Assets in full satisfaction of

Defaulting Defendants' Individual Damages Awards, the Financial Institution(s) holding that

Defaulting Defendants' Frozen Assets and Defaulting Defendants' Frozen Accounts may

unfreeze that Defaulting Defendants' Frozen Assets and Defaulting Defendants' Frozen

Accounts.  To the extent that Defaulting Defendants' Frozen Assets are less than Defaulting

Defendants' Individual Damages Awards, that Defaulting Defendants' Frozen Assets are

hereby released and transferred to Plaintiffs as partial satisfaction of Defaulting Defendants'

Individual Damages Awards for that Defaulting Defendant and those Defaulting Defendants'

Frozen Assets shall be transferred by the Financial Institutions to Plaintiffs through Plaintiffs'

counsel within twenty (20) business days following the service of this Order, and

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Order, the Court also hereby grants Plaintiffs' request for a post-judgment restraining order continuing the attachment of each Defaulting Defendants' Frozen Assets until Plaintiffs have recovered the full payment of Defaulting Defendants' Individual Damages Awards owed to it by that Defaulting Defendants under this Order, or until further order of this Court; and

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Order, until Plaintiffs have recovered the full payment of Defaulting Defendants' Individual Damages Awards owed to them by any Defaulting Defendant under this Order, in the event that Plaintiffs discover new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiffs shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts");

    A. Upon notice of this Order, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting

11

Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

B. After twenty (20) business days following the service of this Order on Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all of Defaulting Defendants' Additional Assets to Plaintiffs as partial or full satisfaction of Defaulting Defendants' Individual Damage Awards, unless Defaulting Defendants have filed with this Court and served upon Plaintiffs' counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order.

## VII.   Miscellaneous Relief

4) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiffs' counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

5) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

6) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiffs submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

7)  This Court shall retain jurisdiction over this matter and the parties in order to construe and

    enforce this Order.


**SO ORDERED.**

SIGNED this __1st__ day of _____June_____, 2020, at __1:58__ __p__.m.


                                              _____

                                              Victor Marrero

                                               U.S.D.J.